**Michigan Supreme Court**
**Lansing, Michigan 48909**

# Opinion

Chief Justice
Maura D. Corrigan

Justices
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Clifford W. Taylor
Robert P. Young, Jr.
Stephen J. Markman

**FILED JUNE 25, 2003**

PEOPLE OF THE STATE OF MICHIGAN,

    Plaintiff-Appellant,

v                             No. 119429

PAUL LEWIS PHILLIPS, JR.,

    Defendant-Appellee.

_____

BEFORE THE ENTIRE COURT

CAVANAGH, J.

We granted leave to appeal in this case to determine whether MCR 6.201 permits a trial judge to compel a party in a criminal case to create reports from an expert witness when no such report exists. The plain language of MCR 6.201(A) applies only to providing reports that already exist. Therefore, we conclude that a trial court may not compel a party in a criminal case to create an expert witness report.

We also conclude that while MCR 6.201(I) permits modification of the requirements or prohibitions of MCR 6.201 upon a showing of "good cause," such good cause was not demonstrated in this case. The judgment of the Court of Appeals that the trial court abused its discretion in compelling defendant to create an expert report where none existed is affirmed.

## I. Facts and Proceedings

Defendant was charged with second-degree murder, MCL 750.317, arising out of a single-vehicle accident that resulted in the death of defendant's passenger. A preliminary examination was held in February 2000, and defendant was bound over for trial. Defendant engaged three expert witnesses to testify at trial. On February 28, 2000, the prosecutor filed a request for discovery, asking for reports produced by or for any expert witness defendant intended to call at trial. No reports existed at that time. The prosecutor moved to strike the defense expert witnesses on the basis that defendant had not turned over all reports or curricula vitae of the experts.

On May 15, 2000, the trial judge ordered defendant to comply with MCR 6.201 by providing to the prosecutor any reports of defendant's expert witnesses. In August 2000, the prosecutor filed a second motion to strike and again alleged that defendant had not complied with the discovery requests. The prosecutor complained that there were no reports from any

of defendant's expert witnesses.

The trial judge signed an order on September 11, 2000, which, in part, ordered defendant to "obtain reports from the defense expert and provide them within thirty (30) days, to the People." Defendant's motion for reconsideration was denied on October 20, 2000. In its order, the trial court stated that "the Court believes that [MCL 767.94a] and MCR 6.201 provide the Court with the discretion to order the creation of such reports."

Defendant filed an application for leave to appeal in the Court of Appeals. The Court of Appeals granted leave and reversed the order of the trial court. 246 Mich App 201; 632 MW2d 154 (2001). The Court concluded that there was no requirement in MCR 6.201 that an expert actually create a written report that could be produced. Further, because nonwritten observations and conclusions are not discoverable, the Court cited *People v Elston*, 462 Mich 751, 759, 762; 614 NW2d 595 (2000), for the proposition that the prosecutor was not entitled to defendant's expert witnesses' unwritten observations. The Court of Appeals also rejected the prosecutor's argument that the trial judge had the authority to modify the rules. The Court noted that MCR 6.201(I) states: "On good cause shown, the court may order a modification of the requirements and prohibitions of this

3

rule." Because the trial court did not find that good cause existed and, instead, based its decision on its own discretion, the Court of Appeals concluded that the trial court abused its discretion in compelling defendant to create expert reports where none existed.

The prosecutor applied for leave to appeal to this Court. Instead of granting leave, this Court remanded the case to the Saginaw Circuit Court for a "good cause" determination under MCR 6.201(I). 636 NW2d 139 (2001).

On February 6, 2002, on remand, the trial court issued an opinion and order outlining "good cause" for modifying the discovery mandated by MCR 6.201(A). The trial court noted that defendant did not comply with the trial court's order for discovery and defendant's failure to comply provided a legally sufficient reason for "good cause." This Court granted leave to appeal on July 10, 2002.[1]

_____

[1]The grant order directed the parties to brief among the issues:

> (1) [W]hether MCR 6.201 or MCL 767.94a allows a trial court to compel creation of a report from a proposed defense expert witness, (2) whether the court rules authorize a trial court to compel disclosure of a defense, (3) whether the court rule, MCR 6.201, or the statute, MCL 767.94a, controls discovery in a criminal case, and (4) whether MRE 705 gives the trial court discretion to order disclosure of a defense expert's opinion. [466 Mich 891 (2002).]

4

## II. Standard of Review

A trial court's decision regarding discovery is reviewed for abuse of discretion. *People v Stanaway*, 446 Mich 643, 680; 521 NW2d 557 (1994). Interpretation of a court rule is treated like interpretation of a statute, it is a question of law that is reviewed de novo. *CAM Const v Lake Edgewood Condominium Ass'n*, 465 Mich 549, 553; 640 NW2d 256 (2002).

## III. Analysis

### A. The court rule, MCR 6.201, not the statute, MCL 767.94a, controls discovery in a criminal case.

The question that logically must be answered first is whether the court rule, MCR 6.201,[2] or the statute, MCL

---

[2]MCR 6.201 provides, in pertinent part:

(A) Mandatory Disclosure. In addition to disclosures required by provisions of law other than MCL 767.94a; MSA 28.1023(194a), a party upon request must provide all other parties:

(1) the names and addresses of all lay and expert witnesses whom the party intends to call at trial;

(2) any written or recorded statement by a lay witness whom the party intends to call at trial, except that a defendant is not obliged to provide the defendant's own statement;

(3) any report of any kind produced by or for an expert witness whom the party intends to call at trial;

(4) any criminal record that the party intends to use at trial to impeach a witness;

(continued...)

767.94a,[3] controls discovery in a criminal case.  Both the

---

[2](...continued)

(5) any document, photograph, or other paper that the party intends to introduce at trial; and

(6) a description of and an opportunity to inspect any tangible physical evidence that the party intends to introduce at trial.  On good cause shown, the court may order that a party be given the opportunity to test without destruction such tangible physical evidence.

[3]MCL 767.94a provides as follows:

(1) A defendant or his or her attorney shall disclose to the prosecuting attorney upon request the following material or information within the possession or control of the defendant or his or her attorney:

(a) The name and last known address of each witness other than the defendant whom the defendant intends to call at trial provided the witness is not listed by the prosecuting attorney.

(b) The nature of any defense the defendant intends to establish at trial by expert testimony.

(c) Any report or statement by an expert concerning a mental or physical examination, or any other test, experiment, or comparison that the defendant intends to offer in evidence, or that was prepared by a person, other than the defendant, whom the defendant intends to call as a witness, if the report or statement relates to the testimony to be offered by the witness.

(d) Any book, paper, document, photograph, or tangible object that the defendant intends to offer in evidence or that relates to the testimony of a witness, other than the defendant, whom the defendant intends to call.

(2) The defendant or his or her attorney shall comply with the disclosure provisions of subsection

(continued...)

6

prosecutor and defendant maintain that the court rule governs. We agree that the court rule is currently the governing provision. As both parties correctly point out, in conjunction with issuing MCR 6.201, this Court issued Administrative Order No. 1994-10. The administrative order provided that "discovery in criminal cases heard in the courts of this state is governed by MCR 6.201, and not by MCL 767.94a; MSA 28.1023 (194a)." AO 1994-10. Therefore, we do not need to determine whether MCL 767.94a would permit a trial court to compel creation of an expert report because MCR 6.201, not MCL 767.94a, governs discovery in criminal cases.[4]

### B. MCR 6.201

Having determined that MCR 6.201 governs discovery in criminal cases, we must now determine whether MCR 6.201(A)

_____

[3](...continued)
(1) not later than 10 days before trial or at any other time as the court directs.

(3) A defendant shall not offer at trial any evidence required to be disclosed pursuant to subsection (1) that was not disclosed unless permitted by the court upon motion for good cause shown. A motion under this subsection may be made before or during trial.

[4]We intend to study discovery in criminal cases in connection with our review of the Rules of Criminal Procedure in Administrative File 2003-04. We need not address the issue in this opinion because we are not persuaded that the court rule and statute conflict in relevant respects for the purposes of this case.

7

allows a trial court to compel creation of a report from a proposed expert witness. The prosecutor contends that the trial court can compel creation of a report. We reject the prosecutor's contention because it is contrary to the plain language of MCR 6.201(A). In *CAM Const, supra* at 554, we reiterated the proper mode of interpreting a court rule, which was articulated in *Grievance Admin v Underwood*, 462 Mich 188, 193-194; 612 NW2d 116 (2000):

> When called on to construe a court rule, this Court applies the legal principles that govern the construction and application of statutes. *McAuley v General Motors Corp*, 457 Mich 513, 518; 578 NW2d 282 (1998). Accordingly, we begin with the plain language of the court rule. When that language is unambiguous, we must enforce the meaning expressed, without further judicial construction or interpretation. See *Tryc v Michigan Veterans' Facility*, 451 Mich 129, 135; 545 NW2d 642 (1996). Similarly, common words must be understood to have their everyday, plain meaning. See MCL 8.3a . . .; see also *Perez v Keeler Brass Co*, 461 Mich 602, 609; 608 NW2d 45 (2000).

MCR 6.201(A)(3) provides that a party must provide "any report of any kind produced by or for an expert witness whom the party intends to call at trial." The plain meaning of the words at issue is as follows. A "report" is defined as: "1. An account presented usually in detail. 2. A formal account of the proceedings or transactions of a group. . . . *The American Heritage Dictionary* (2d college ed). To "produce" is defined as: "1. To bring forth; yield. 2. To create by mental or physical effort. 3. To manufacture. 4. To cause

8

to occur or exist; give rise to.  5.  To bring forward; exhibit.  6.  To sponsor and present to the public. . . . *Id.*"[5]

According to the plain meaning of the words, a "report" is an account of something.  A report that has been "produced" has already been brought forth or created.  In other words, the report must already exist.  There is nothing in the plain language of MCR 6.201(A) that permits a trial court to compel such a report to be created when it does not exist.

Our holding in this regard is consistent with a recent case from this Court, *People v Elston, supra*.  In *Elston*, the defendant was charged with first-degree criminal sexual conduct.  The trial court denied the defendant's request to suppress evidence of sperm fragments found in the victim because neither party learned of their existence until the first day of trial.  The trial court denied the motion to suppress.  The Court of Appeals reversed.  This Court reinstated the trial court's denial of the motion to suppress, stating:

> Apart from the wet swab sample and the wet swab laboratory report, the only other "evidence of

---

[5]This definition is consistent with the definition in Black's Law Dictionary (7th ed), which defines "produce" as: "1. To bring into existence; to create.  2.  To provide (a document, witness, etc.)  In response to subpoena or discovery request. 3.  To yield (as revenue). 4.  To bring (oil, etc.) To the surface of the earth."

sperm" not disclosed to defendant before trial was Dr. Randall's own personal observations. Clearly, this information was outside the scope of discovery. Because Dr. Randall did not make notes of his observations, they were not subject to mandatory disclosure under MCR 6.201(A)(3). [*Elston* at 762.]

The same is true in this case. Defendant has consulted experts, but he maintains that the experts have not generated any reports. Therefore, nothing exists that could be subject to mandatory disclosure under MCR 6.201(A)(3).

The plain language of MCR 6.201(A) does not permit a trial court to compel creation of a report from either party's expert witnesses where no report exists. We, therefore, affirm the Court of Appeals holding that only existing reports that have been "produced," or created, by an expert witness are required to be disclosed pursuant to MCR 6.201(A).

### C. Good cause

MCR 6.201(I) provides: "On good cause shown, the court may order a modification of the requirements and prohibitions of this rule."

Before granting the prosecutor's application for leave to appeal in this case, we remanded the case to the trial court for a good-cause determination under MCR 6.201(I). On remand, the trial court found that defendant "failed to fully comply with the discovery requests and orders by failing to initially disclose the addresses of experts and failure to provide

10

information from the experts." The court stated:

> [I]n attempting to fashion an appropriate remedy for the discovery violation caused by the Defendants(sic), [the court] took into account the Defendant's due process rights to a fair trial, the Prosecutor's interest in obtaining convictions on relevant and admissible evidence and the Court's interest in expeditiously administering justice and maintaining judicial integrity.

Therefore, the court ordered that defendant "shall provide a Cirriculum Vitae of [each of] defendant's experts and a basic report on each of the experts' findings and conclusions."

We agree that a trial court may modify the requirements or prohibitions of MCR 6.201 if good cause is shown. We do not believe, however, that the trial court's stated reason constituted "good cause" under the court rule. Defendant may not have adequately responded to the prosecutor's discovery requests pertaining to his expert witnesses' curricula vitae. However, as we indicated above, MCR 6.201(A)(3) only requires provision to the opposing party reports "produced by or for an expert witness." Because a party is not obligated to disclose reports that do not exist, the fact that defendant did not disclose such reports does not constitute "good cause" to modify the requirements of MCR 6.201(A). We recognize that there may be circumstances where good cause does exist to permit a trial court to compel a party to create expert witness reports. For example, good cause may exist when a trial court believes a party is intentionally suppressing

reports by an expert witness.[6]  However, such circumstances are not present here.  Therefore, we conclude that the trial court abused its discretion in ordering defendant to create expert reports with the experts' findings and conclusions.

### IV.  Conclusion

For these reasons, we conclude that the plain language of MCR 6.201(A) requires disclosing only reports that already exist.  A trial court may not compel a party in a criminal case to create a report from an expert witness, absent the good cause required in MCR 6.201(I).  We also conclude that the requisite "good cause" to modify the requirements in the court rule was not demonstrated in this case.  Therefore, we affirm the judgment of the Court of Appeals.

> Michael F. Cavanagh
> Maura D. Corrigan
> Elizabeth A. Weaver
> Marilyn Kelly
> Clifford W. Taylor
> Robert P. Young, Jr.
> Stephen J. Markman

---

[6]There has been no such claim here and no such finding by the trial court.