# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
August 20, 2015

Plaintiff-Appellee,

v

No. 320836
Wayne Circuit Court
LC No. 13-005933-FC

LEO EVANS JR. III,

Defendant-Appellant.

Before: OWENS, P.J., and SAAD and GADOLA, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of reckless driving causing death, MCL 257.626(4), and two counts of reckless driving causing serious impairment of a body function, MCL 257.626(3). The trial court sentenced defendant to 4 to 15 years' imprisonment for his reckless driving causing death conviction, and time served with regard to both counts of reckless driving causing serious impairment of a body function. We affirm.

## I. FACTUAL BACKGROUND

On May 26, 2013, defendant and his cousin, Charlie Edwards, went to a barbeque hosted by defendant's father. After some time, Edwards saw DeMarco Florence, Jaylin Heath, and Leon Freeman leave the gathering in a black Grand Prix. Defendant and Edwards left separately in defendant's purple Grand Prix. While driving, defendant encountered Florence driving in the opposite direction. Defendant turned around and started driving in the same direction as Florence. After defendant's vehicle got behind Florence's vehicle, Edwards saw Heath sitting or hanging outside of the window and he heard Florence say, "[P]unch it." Florence then took off at a high rate of speed, and defendant accelerated moments later. In response to a question from the prosecutor at trial, Edwards agreed that defendant and Florence were engaged in a race.

Edwards testified that at some point, defendant's vehicle began to slow down.[1] After defendant slowed down, Edwards saw Florence lose control of his vehicle, causing it to "hit a

---

[1] At trial, Edwards denied that defendant ever caught up to Florence's vehicle. However, the prosecutor introduced preliminary examination testimony, in which, responding to the question, "The defendant catches up with [Florence's] car, is that correct?" Edwards answered, "Yes."

-1-

curve" and then "hit a tree." Heath died as a result of the collision and Florence and Freeman were severely injured.

## II. SUFFICIENCY OF THE EVIDENCE

Defendant first argues that the prosecutor failed to present sufficient evidence that he factually and proximately caused the accident and the resulting death and injuries. We disagree.

We review sufficiency of the evidence claims de novo. *People v Ericksen*, 288 Mich App 192, 195; 793 NW2d 120 (2010). "To determine whether the prosecutor has presented sufficient evidence to sustain a conviction, [appellate courts] review the evidence in the light most favorable to the prosecutor and determine whether a rational trier of fact could find the defendant guilty beyond a reasonable doubt." *People v Smith–Anthony*, 494 Mich 669, 676; 837 NW2d 415 (2013) (citation and internal quotation marks omitted). In assessing a sufficiency claim, we must make all credibility determinations and draw all reasonable inferences in favor of the jury's verdict. *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000).

Sufficient evidence supported each of defendant's convictions. The reckless driving statute, MCL 257.626, provides, in pertinent part, the following:

> (2) Except as otherwise provided in this section, a person who operates a vehicle upon a highway or a frozen public lake, stream, or pond or other place open to the general public, including, but not limited to, an area designated for the parking of motor vehicles, in willful or wanton disregard for the safety of persons or property is guilty of a misdemeanor punishable by imprisonment for not more than 93 days or a fine of not more than $500.00, or both.

> (3) Beginning October 31, 2010, a person who operates a vehicle in violation of subsection (2) and by the operation of that vehicle causes serious impairment of a body function to another person is guilty of a felony punishable by imprisonment for not more than 5 years or a fine of not less than $1,000.00 or more than $5,000.00, or both. . . .

> (4) Beginning October 31, 2010, a person who operates a vehicle in violation of subsection (2) and by the operation of that vehicle causes the death of another person is guilty of a felony punishable by imprisonment for not more than 15 years or a fine of not less than $2,500.00 or more than $10,000.00, or both.

Accordingly, a conviction for reckless driving causing death requires proof beyond a reasonable doubt that (1) the defendant operated a vehicle "upon a highway . . . or other place open to the general public," (2) the operation was "in willful or wanton disregard for the safety of persons or property," and (3) the defendant's operation of the vehicle "causes the death of another person." MCL 257.626(4). The crime of reckless driving under MCL 257.626(3) shares the first two elements with reckless driving causing death, but differs in that the third element requires proof beyond a reasonable doubt that the defendant's operation of the vehicle "causes serious impairment of a body function to another person."

Defendant does not dispute that he was driving a vehicle on a highway or place open to the public, and he does not dispute that his operation was in willful or wanton disregard for the safety of persons or property. There is also no question that Heath died and Florence and Freeman suffered serious impairments of body functions as a result of the accident. Therefore, the only issue before this Court is whether the prosecutor presented sufficient evidence to show that defendant's actions caused the death and injuries.

The concept of "cause" has a unique, technical meaning in the context of criminal law, encompassing two parts: factual causation and proximate causation. *People v Schaefer*, 473 Mich 418, 435; 703 NW2d 774 (2005), mod in part on other grounds by *People v Derror*, 475 Mich 316; 715 NW2d 822 (2006). "Factual causation exists if a finder of fact determines that 'but for' defendant's conduct the result would not have occurred." *People v Feezel*, 486 Mich 184, 194; 783 NW2d 67 (2010).

Viewing the evidence in a light most favorable to the prosecution, sufficient evidence supported a finding that defendant factually caused Heath's death and Florence's and Freeman's injuries. Nothing in the record indicates that Florence was speeding or driving recklessly before defendant arrived on the scene. Rather, the evidence showed that defendant turned his vehicle around to approach Florence's vehicle, and when defendant got close, Florence said, "[P]unch it," and both vehicles took off at high rates of speed within moments of each other. Considering this evidence, a rational jury could find beyond a reasonable doubt that absent defendant's action of engaging in horse-play or racing with Florence, the collision would not have occurred, Heath would not have died, and Florence and Freeman would not have been seriously injured.

In order for criminal liability to attach to defendant's conduct, however, the prosecution was also required to show that defendant's actions were a proximate cause of the death and injuries. *Feezel*, 486 Mich at 193. In *Schaefer*, 473 Mich at 437-438, our Supreme Court explained the concept of proximate causation in a criminal proceeding as follows:

> For a defendant's conduct to be regarded as a proximate cause, the victim's injury must be a "direct and natural result" of the defendant's actions. In making this determination, it is necessary to examine whether there was an intervening cause that superseded the defendant's conduct such that the causal link between the defendant's conduct and the victim's injury was broken. If an intervening cause did indeed *supersede* the defendant's act as a legally significant causal factor, then the defendant's conduct will not be deemed a proximate cause of the victim's injury.
>
> * * *
>
> The linchpin in the superseding cause analysis . . . is whether the intervening cause was foreseeable based on an objective standard of reasonableness. If it was reasonably foreseeable, then the defendant's conduct will be considered a proximate cause. If, however, the intervening act by the victim or a third party was not reasonably foreseeable—e.g., *gross* negligence or intentional misconduct—then generally the causal link is severed and the

-3-

defendant's conduct is not regarded as a proximate cause of the victim's injury or death. [Footnotes omitted.]

At trial, the prosecution presented evidence that defendant and Florence were engaging in horse-play or racing before the accident, and that Florence did not start driving recklessly until he interacted with defendant, who also began driving at a high rate of speed. The prosecution presented evidence showing that just moments before the accident, the two vehicles were speeding down the roadway in close proximity, and that Florence's vehicle approached speeds of 100 miles per hour. Although Edwards and defendant both testified that defendant slowed down before the collision, he was involved in the accident because his conduct was connected to the resulting accident in a logical and natural manner. Therefore, sufficient evidence allowed the jury to conclude beyond a reasonable doubt that the collision was a reasonably foreseeable result of defendant's conduct, and that no superseding cause broke the causal chain between defendant's actions and the resulting death and injuries.

Contrary to defendant's assertions, the fact that Florence was also driving recklessly does not mean that defendant was not also a proximate cause of the collision. This Court has held that there may be more than one proximate cause of an injury. See, e.g., *People v Tims*, 449 Mich 83, 96-97; 534 NW2d 675 (1995). As our Supreme Court explained in *People v Bailey*, 451 Mich 657, 676; 549 NW2d 325 (1995), amended in part on other grounds 453 Mich 1204 (1996):

> In assessing criminal liability for some harm, it is not necessary that the party convicted of a crime be the sole cause of that harm, only that he be a contributory cause that was a substantial factor in producing the harm. The criminal law does not require that there be but one proximate cause of harm found. Quite the contrary, all acts that proximately cause the harm are recognized by the law.
>
> "If a certain act was a substantial factor in bringing about the loss of human life, it is not prevented from being a proximate cause of this result by proof of the fact that it alone would not have resulted in death, nor by proof that another contributory cause would have been fatal even without the aid of this act." [*Id.*, quoting Perkins & Boyce, Criminal Law (3d ed), p 783.]

Moreover, "[w]here an independent act of a third party intervenes between the act of a criminal defendant and the harm to a victim, that act may only serve to cut off the defendant's criminal liability where the intervening act is the sole cause of the harm." *Bailey*, 451 Mich at 677.

Even if Florence's action of driving recklessly also constituted a proximate cause of Heath's death and the injuries he and Freeman sustained, this fact does not indicate that there was insufficient evidence to establish that defendant was also a proximate cause of the death and injuries. Under the facts before us, the prosecution introduced sufficient evidence to permit a rational jury to find beyond a reasonable doubt that defendant was guilty of reckless driving causing death and two counts of reckless driving causing serious impairment of a body function.

## III. EXPERT WITNESS TESTIMONY

Defendant next argues that the trial court improperly refused to allow him to call Sammie Hall as an expert witness. We review a trial court's decision to admit or exclude expert testimony for an abuse of discretion. *People v Dobek*, 274 Mich App 58, 93; 732 NW2d 546 (2007). "A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes." *People v Yost*, 278 Mich App 341, 379; 749 NW2d 753 (2008).

"A defendant has a constitutionally guaranteed right to present a defense, which includes the right to call witnesses." *Yost*, 278 Mich App at 379, citing US Const, Am VI; Const 1963, art 1, § 20. This right is not absolute and a defendant must comply with the " 'established rules of procedure and evidence designed to assure both fairness and reliability in the ascertainment of guilt and innocence.' " *People v Hayes*, 421 Mich 271, 279; 364 NW2d 635 (1984), quoting *Chambers v Mississippi*, 410 US 284, 302; 93 S Ct 1038; 35 L Ed 2d 297 (1973).

At trial, when defendant attempted to introduce Hall as an expert witness, the prosecutor objected, stating that he had not received a report from Hall, and claiming that defendant failed to provide the prosecution with a witness list. The trial court determined that the defendant did not properly file a witness list, and that he did not file a copy of a report prepared by Hall, as required by MCL 767.94a. As a result, the trial court refused to let Hall testify. Although we agree that the trial court erred to the extent that it refused to allow Hall's testimony under MCL 767.94a, any error was harmless under the facts of this case.

MCL 767.94a(1) provides the following:

(1) A defendant or his or her attorney shall disclose to the prosecuting attorney upon request the following material or information within the possession or control of the defendant or his or her attorney:

(a) The name and last known address of each witness other than the defendant whom the defendant intends to call at trial provided the witness is not listed by the prosecuting attorney.

(b) The nature of any defense the defendant intends to establish at trial by expert testimony.

(c) Any report or statement by an expert concerning a mental or physical examination, or any other test, experiment, or comparison that the defendant intends to offer in evidence, or that was prepared by a person, other than the defendant, whom the defendant intends to call as a witness, if the report or statement relates to the testimony to be offered by the witness.

(d) Any book, paper, document, photograph, or tangible object that the defendant intends to offer in evidence or that relates to the testimony of a witness, other than the defendant, whom the defendant intends to call.

The plain language of MCL 767.94a(1) indicates that a defendant need only provide the listed information regarding his or her witnesses upon request by the prosecuting attorney. In this case,

the record is devoid of any request from the prosecutor for this information before trial. Moreover, in *People v Phillips*, 468 Mich 583, 588-589; 663 NW2d 463 (2003), our Supreme Court held that MCR 6.201,[2] not MCL 767.94a, governs "discovery in criminal cases." In *Phillips*, the Supreme Court held that under former MCR 6.201(A)(3), a party was not obligated to produce an expert's written report in discovery if no report existed. *Id.* at 590. MCR 6.201(A)(3) has since been amended, and now states that, "upon request," a party must provide "the curriculum vitae of an expert the party may call at trial and either a report by the expert or a written description of the substance of the proposed testimony of the expert, the expert's opinion, and the underlying basis of that opinion[.]" Again, because there is no evidence that the prosecutor requested these materials, the trial court should not have required defendant to produce a report or statement of Hall's expected testimony before allowing Hall to testify.

In any event, we conclude that any error by the trial court on this matter was harmless. Defendant has not provided a formal offer of proof below or on appeal concerning the content of Hall's testimony, and has therefore failed to demonstrate harmful error resulting from its absence at trial. *People v Ackerman*, 257 Mich App 434, 455; 669 NW2d 818 (2003) ("Defendant offers

---

[2] At the time the Supreme Court decided *Phillips*, MCR 6.201(A), as adopted November 16, 1994, 447 Mich cxlvi (1994), stated the following:

(A) Mandatory Disclosure. In addition to disclosures required by provisions of law other than MCL 767.94a; MSA 28.1023(194a), a party upon request must provide all other parties:

(1) the names and addresses of all lay and expert witnesses whom the party intends to call at trial;

(2) any written or recorded statement by a lay witness whom the party intends to call at trial, except that a defendant is not obliged to provide the defendant's own statement;

(3) any report of any kind produced by or for an expert witness whom the party intends to call at trial;

(4) any criminal record that the party intends to use at trial to impeach a witness;

(5) any document, photograph, or other paper that the party intends to introduce at trial; and

(6) a description of and an opportunity to inspect any tangible physical evidence that the party intends to introduce at trial. On good cause shown, the court may order that a party be given the opportunity to test without destruction such tangible physical evidence.

no proof that an expert witness would have testified favorably if called by the defense. Accordingly, defendant has not established the factual predicate for his claim."). Attached to his motion for remand before this Court, defendant provided a letter from Hall, in which Hall stated that he "was able to render an opinion as to causation and [whether defendant] violated" MCL 257.626a, Michigan's drag racing statute. Hall stated that, based on the evidence he observed, defendant was not drag racing under the definition provided in the statute. Even assuming that this letter constitutes a legitimate offer of proof regarding Hall's proposed testimony, defendant was not charged with or convicted of drag racing under MCL 257.626a, and he testified at trial that he did not participate in a drag race. Therefore, defendant has not shown that his inability to introduce Hall's testimony at trial affected the outcome of the proceedings in any way.

## IV. JURY INSTRUCTIONS

Defendant raises several arguments concerning the trial court's jury instructions. Defendant states that the trial court abused its discretion in refusing to provide the jury with a drag racing instruction, erred in failing to provide an instruction on lesser included offenses, and improperly instructed the jury on second-degree murder and aiding and abetting.

At trial, defendant's attorney expressly approved the court's jury instructions as given, thus waiving any error. See *People v Carines*, 460 Mich 750, 762 n 7; 597 NW2d 130 (1999) (defining waiver as "the 'intentional relinquishment or abandonment of a known right' "), quoting *United States v Olano*, 507 US 725, 733; 113 S Ct 1770; 123 L Ed 2d 508 (1993). "One who waives his rights under a rule may not then seek appellate review of a claimed deprivation of those rights, for his waiver has extinguished any error." *People v Carter*, 462 Mich 206, 215; 612 NW2d 144 (2000) (citations and internal quotation marks omitted). Accordingly, defendant has not raised a reviewable error on this issue.

## V. INEFFECTIVE ASSISTANCE OF COUNSEL

Finally, defendant argues that his counsel provided ineffective assistance regarding several separate and distinct issues. Whether a defendant was denied the effective assistance of counsel is a mixed question of constitutional law and fact. *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002). We review a trial court's factual determinations for clear error, and review constitutional questions de novo. *Id.* To establish a claim of ineffective assistance of counsel, a defendant must show that "(1) defense counsel's performance was so deficient that it fell below an objective standard of reasonableness and (2) there is a reasonable probability that defense counsel's deficient performance prejudiced the defendant." *People v Heft*, 299 Mich App 69, 80-81; 829 NW2d 266 (2012). A defendant is prejudiced if the result of the proceeding would have been different absent counsel's errors. *Id.* at 81. Counsel's assistance is presumed to be effective, and the defendant bears a heavy burden of proving otherwise. *People v Eisen*, 296 Mich App 326, 329; 820 NW2d 229 (2012).

Defendant first contends that his counsel was ineffective for failing to file a motion to quash the charges because the complaint was defective and "contained conclusive statements with no statement of the underlying facts." However, defendant's attorney did file a motion to dismiss the charges after the preliminary examination, which was denied on August 26, 2013.

Further, defendant was convicted of three of the four felonies of which he was charged. The fact that defendant was found guilty of the charges beyond a reasonable doubt establishes that "sufficient evidence existed . . . to support a bindover" of defendant on those charges. *People v Fonville*, 291 Mich App 363, 384; 804 NW2d 878 (2011).

Defendant argues that his counsel should have sought a *Walker*[3] hearing to challenge the interrogation of Edwards. However, "[a]s a general rule, one may not claim standing to vindicate the constitutional rights of some third party." *People v Rocha*, 110 Mich App 1, 16-17; 312 NW2d 657 (1981). *Walker* hearings are only required when a defendant claims that statements of the defendant were made involuntarily. They are not designed to permit a defendant to challenge the voluntariness of a statement made by a third party. *People v Manning*, 243 Mich App 615, 624-625; 624 NW2d 746 (2000). Defendant's counsel was not ineffective in failing to seek such a hearing.

Defendant also asserts that his counsel was ineffective for failing to file a motion to suppress illegally obtained evidence resulting from the seizure of his Grand Prix, and that his counsel failed to "properly prepare a defense." However, defendant does not identify what evidence was illegally obtained, or what additional evidence his attorney should have reviewed in preparing his defense. Therefore, defendant has failed to establish the factual predicate of his claim. See *People v Hoag*, 460 Mich 1, 6; 594 NW2d 57 (1999).

Defendant claims that his counsel was ineffective for failing to ensure that Freeman or Florence testified on his behalf at trial. The decision to call a particular witness falls squarely within trial strategy and will only constitute ineffective assistance when it deprives defendant of a substantial defense. *People v Russell*, 297 Mich App 707, 716; 825 NW2d 623 (2012). In this case, defendant does not indicate how either Freeman or Florence (assuming they were medically able to testify) would assist his defense, let alone how their lack of testimony deprived him of a substantial defense. Based on this record, defendant has failed to establish that any of his counsel's actions constituted ineffective assistance.

Affirmed.

/s/ Donald S. Owens
/s/ Henry William Saad
/s/ Michael F. Gadola

---

[3] *People v Walker (On Rehearing)*, 374 Mich 331; 132 NW2d 87 (1965).