# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellant,

v

LEWIS CLIFTON DAVIS-CHRISTIAN,

Defendant-Appellee.

FOR PUBLICATION
June 30, 2016
9:10 a.m.

No. 329924
Ingham Circuit Court
LC No. 15-000243-FC

Before: FORT HOOD, P.J., and RONAYNE KRAUSE and GADOLA, JJ.

RONAYNE KRAUSE, J.

Plaintiff appeals by delayed leave granted[1] the trial court's interlocutory order granting defendant's motion for an in camera review of the complainant's counseling records. For the reasons discussed below, we reverse.

## I. FACTS AND PROCEDURAL HISTORY

Resulting from several alleged instances of sexual contact between defendant and complainant, defendant is charged with three counts of first-degree criminal sexual conduct, MCL 750.520b(1)(a), one count of second-degree criminal sexual conduct, MCL 750.520c(1)(a), and one count of accosting a child for immoral purposes, MCL 750.145a. Defendant alleged that during her forensic interview regarding these incidents, the complainant stated that defendant's alleged assault of her happened like the "last time," referring to a prior instance of sexual abuse perpetrated on the complainant by a non-party in 2011[2]. Defendant alleged that the victim attended counseling after the 2011 incident and moved to compel into discovery the counseling records, arguing that information within the records was likely to contain material necessary to his defense, including possible impeachment material. The trial court granted defendant's motion; plaintiff objected, arguing that the counseling records were privileged communications

---

[1] *People v Davis-Christian*, unpublished order of the Michigan Court of Appeals, entered January 19, 2016 (Docket No. 329924).

[2] Defendant in the case of the prior abuse entered a guilty plea to second-degree criminal sexual conduct.

-1-

and the complainant had not waived the privilege. Plaintiff further argued that defendant had not shown that there existed a reasonable probability grounded in fact that the counseling records were likely to contain information necessary to prepare a defense. Plaintiff agreed with the use of a protective order to turn over the police reports and corresponding forensic interviews associated with the prior sexual abuse. With respect to the counseling records, the trial court ruled that it would review them in camera, as defendant's freedom was at stake. Plaintiff filed an application for interlocutory appeal, which this court granted; the trial court stayed implementation of the order pending the outcome of this appeal.

## II. ANALYSIS

A trial court's decision to conduct or deny an in camera review of records in a criminal prosecution is reviewed for an abuse of discretion. *People v Stanaway*, 446 Mich 643, 680; 521 NW2d 557 (1994). "The trial court abuses its discretion when its decision falls outside the range of principled outcomes or when it erroneously interprets or applies the law." *People v Lane*, 308 Mich App 38, 51; 862 NW2d 446 (2014).

"Discovery should be granted where the information sought is necessary to a fair trial and a proper preparation of a defense." *People v Laws*, 218 Mich App 447, 452; 554 NW2d 586 (1996). Nevertheless, defendants generally have no right to discover privileged records absent certain special procedures, such as an in camera review of the privileged information conducted by the trial court. MCR 6.201(C)(1) and (2). In a criminal sexual conduct prosecution, an in camera review "promotes the state's interests in protecting the privacy rights of the alleged rape victim while at the same time safeguards the defendant's right to a fair trial." *People v Hackett*, 421 Mich 338, 350; 365 NW2d 120 (1984).

*Stanaway* explained the proper procedure that a court must use to determine whether to grant an in camera review of privileged material:

> [W]here a defendant can establish a reasonable probability that the privileged records are likely to contain material information necessary to his defense, an in camera review of those records must be conducted to ascertain whether they contain evidence that is reasonably necessary, and therefore essential, to the defense. Only when the trial court finds such evidence, should it be provided to the defendant. [*Stanaway*, 446 Mich at 649-650.]

However, the *Stanaway* Court explained that "disclosure should not occur when the record reflects that the party seeking disclosure is on 'a fishing expedition to see what may turn up.'" *Id*. at 680, quoting *Bowman Dairy Co v United States*, 341 US 214, 221; 71 S Ct 675; 95 L Ed 2d 879 (1951). A defendant "is fishing" for information when he or she relies on generalized assertions and fails to state any "specific articulable fact" that indicates the privileged records are needed to prepare a defense. *Id*. at 681. The Michigan Supreme Court amended MCR 6.201(C) in 1996 to reflect the rule announced in *Stanaway*. MCR 6.201, staff comment to 1996 amendment.

MCR 6.201(C)(2) provides in part as follows:

If a defendant demonstrates a good-faith belief, grounded in articulable fact, that there is a reasonable probability that records protected by privilege are likely to contain material information necessary to the defense, the trial court shall conduct an in camera inspection of the records.

(a) If the privilege is absolute, and the privilege holder refuses to waive the privilege to permit an in camera inspection, the trial court shall suppress or strike the privilege holder's testimony.

(b) If the court is satisfied, following an in camera inspection, that the records reveal evidence necessary to the defense, the court shall direct that such evidence as is necessary to the defense be made available to defense counsel. If the privilege is absolute and the privilege holder refuses to waive the privilege to permit disclosure, the trial court shall suppress or strike the privilege holder's testimony.

The trial court in this case abused its discretion because it failed to apply the law as articulated in *Stanaway* and MCR 6.201(C)(2). In fact, the trial court explicitly disregarded *Stanaway* and articulated its own standard:

[B]ut as to the counseling records, yeah, I'm going to review them . . . *I don't care what Stanaway says*, *what you want to point to or don't point to*. I don't know if this is relevant or not, but, quite frankly, the relevance comes in with the freedom of defendant or his incarceration. That's where the relevance is, because if there's something in there that puts him behind bars or frees him, there's the relevance, so I don't talk to anybody. I'm not allowed to. I'm going to read it and say yea or nay. It's very simple. [Emphasis added.]

The trial court's articulated standard would allow an in camera review of most, if not all, of alleged sexual assault victims' counseling records. However, *Stanaway* rejected allowing for such sweeping discovery, keeping in mind the state's interest in protecting the victim's privacy rights. Addressing defendant Stanaway's assertion that the records were needed in an attempt to discover any prior inconsistent statement or rebuttal evidence, the Court responded, "[t]his is no more than a generalized assertion that the counseling records may contain evidence useful for impeachment on cross-examination. *This need might exist in every case involving an accusation of criminal sexual conduct.*" *Stanaway*, 446 Mich at 681 (emphasis added).

The parties do not dispute that the counseling records at issue are privileged and that the need for an in camera review is controlled by *Stanaway* and MCR 6.201(C). *Stanaway* is a consolidated appeal involving two defendants, Stanley Caruso and Brian Stanaway.[3] The parties rely on the circumstances and rulings of one of the defendants to the exclusion of the other; plaintiff turns to defendant Stanaway, while defendant turns to defendant Caruso.

---

[3] See *People v Caruso*, 444 Mich 876; 511 NW2d 677 (1993) and *People v Stanaway*, 444 Mich 876; 511 NW2d 677 (1993) (ordering that the cases be argued and submitted together).

The Supreme Court determined that Stanaway's request for privileged counseling records was properly denied because his request fell "short of the specific justification necessary to overcome the privilege." *Id.* at 681-682. Stanaway asserted that he needed access to privileged records to "unearth any prior inconsistent statements made by the complainant or any other relevant rebuttal evidence." *Id.* at 681. The Supreme Court determined that Stanaway was merely "fishing" because he failed to state any "specific articulable fact" to indicate that the requested information was necessary for him to prepare a defense. *Id.*

Defendant asserts that this case is analogous to the Supreme Court's ruling with respect to defendant Caruso. The Court described the relevant facts regarding Caruso as follows:

> Defendant Stanley Caruso is charged with second-degree criminal sexual conduct . . . The allegation surfaced when the child wrote a note to her mother's live-in boyfriend about the alleged incident.

> Before trial, defense counsel moved to obtain the complainant's counseling records, asserting that there was good reason to believe the complainant had been the victim of sexual abuse by her biological father. It was further suggested that this may not have been the first note written to the live-in boyfriend of a sexual nature. It was believed by the defense that the child had written at least one prior note in which she suggested she wanted to have sex with him in the car. [*Id.* at 654-655.]

Regarding Caruso, the Court held as follows:

> Defendant Caruso may have demonstrated a realistic and substantial possibility that the material he requested might contain information necessary to his defense. The defendant argued in his motion for in camera discovery that the circumstances in which the accusation was made were relevant to the truth or falsity of the claim. The defense theory is that the claimant is a troubled, maladjusted child whose past trauma has caused her to make a false accusation against her uncle. The defendant asserted a good-faith belief in his motion that the complainant suffered sexual abuse by her biological father before this allegation of abuse, the nonresolution of which produced a false accusation, and factual support for some sexually aggressive behavior, namely, writing a letter to her mother's live-in boyfriend inviting him to have sex with her in his car. The in camera review ordered by the trial judge may have been proper under the facts of this case. [*Id.* at 682-683.]

In this case, and in light of her comment that the alleged abuse occurred as it had the "last time," defendant argued that the complainant's counseling records likely contained material necessary to his defense. These allegations are merely generalized assertions that the record might contain useful evidence, i.e., they are of the sort that "might exist in every case involving an accusation of criminal sexual conduct." *Id.* at 681. The complainant was merely associating the two incidents, not hinting or implying that anything about the prior incident would possibly undermine the present allegations. Defendant is attempting to use complainant's statement as a

way to access privileged information in order to "fish" for evidence that may enhance his defense strategy.

Defendant analogizes Caruso's theory of defense to his own. Caruso theorized that the complainant was a "troubled, maladjusted child whose past trauma has caused her to make a false accusation . . . " *Id*. at 682. In regards to Caruso, the Court believed evidence related to the complainant's counseling might provide "factual support for some sexually aggressive behavior" on the part of the complainant. *Id*. Similarly, defendant in the case now before us asserts that plaintiff provided statements from three witnesses attesting to various incidents where the complainant engaged in sexually aggressive behavior. However, defendant has not demonstrated that such information would be "necessary to the defense." MCR 6.201(C)(2). Unlike defendant Caruso, who articulated a need to ascertain a specific piece of evidence to prove a fact material to his defense, defendant's assertion of need merely voices a hope of corroborating evidence, untethered to any articulable facts. Defendant has access to the police report and forensic interview associated with the 2011 case, although the trial court has not yet made any rulings regarding the admissibility of that information. Coupled with the alleged witness statements, those documents give defendant the information necessary to properly prepare a defense. As long as defendant could make a sound argument without having to access claimant's privileged counseling records, any information in the counseling records would not be material to his defense.

Defendant also asserts that he has "a good faith reason to believe that, in [the complainant's] prior sexual assault, she attributed her exposure to pornography to the prior defendant," which he argues is inconsistent with her alleged assertion in the case at hand that defendant exposed her to pornography. However, what the complainant testified to at the preliminary examination was that defendant showed her Internet pornography, not that defendant was the first person to show her pornography or that she had never seen it before. So, the premise underlying this argument is invalid.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Amy Ronayne Krause
/s/ Karen M. Fort Hood
/s/ Michael F. Gadola