# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

CHRISTOPHER DAVID COWLES,

Defendant-Appellant.

UNPUBLISHED
July 19, 2018

No. 336178
Macomb Circuit Court
LC No. 2015-001588-FH

Before: CAMERON, P.J., and JANSEN and O'CONNELL, JJ.

PER CURIAM.

Defendant appeals his jury trial convictions of four counts of third-degree criminal sexual conduct (CSC-III) after he sexually assaulted his 16-year-old high school student contrary to MCL 750.520d(1)(e) (sexual penetration with student at least 16 years old). Defendant was sentenced to four concurrent terms of 5 to 15 years' imprisonment for the four counts of CSC-III. Defendant now argues he was denied due process when the trial court denied access to the victim's psychological records. We disagree and, therefore, affirm his convictions and sentences.

Defendant engaged in a sexual relationship with a 16-year-old student (the victim), while teaching at a high school in Clinton Township. Defendant was 22 years old at the time. Defendant and the victim engaged in three separate sexual encounters that escalated in severity. On the first occasion, defendant kissed the victim and touched her breast. On the second occasion, he asked her to perform oral sex on him. Finally, on the third occasion, defendant performed oral sex on the victim and penetrated her with his fingers and penis, despite the victim repeatedly saying "no." While seeking treatment for severe depression, the victim disclosed to "Dr. Raymond," a psychologist and sexual assault counselor, that she had been sexually assaulted. Before trial, defendant filed a motion for supplemental discovery, seeking access to the victim's psychological records, which contained information regarding her treatment with Dr. Raymond. The trial court denied defendant's motion, and defendant was later convicted of four counts of CSC-III.

Defendant argues that his due process rights were violated when the trial court denied his motion to access the victim's psychological records. We disagree.

-1-

"A trial court's decision regarding discovery is reviewed for abuse of discretion." *People v Phillips*, 468 Mich 583, 587; 663 NW2d 463 (2003). A trial court's decision whether to conduct an in camera review of records is also reviewed for abuse of discretion. *People v Laws*, 218 Mich App 447, 455; 554 NW2d 586 (1996). "An abuse of discretion occurs when the trial court's decision is outside the range of reasonable and principled outcomes." *People v Jackson*, 292 Mich App 583, 591; 808 NW2d 541 (2011). This Court "review[s] de novo the issue whether a defendant was denied his right to due process." *People v Smith*, 319 Mich App 1, 5; 900 NW2d 108 (2017).

Although " '[t]here is no general constitutional right to discovery in a criminal case,' " *People v Dickinson*, 321 Mich App 1, 18; 909 NW2d 24 (2017) (citation omitted), "[d]efendants have a due process right to obtain evidence in the possession of the prosecutor if it is favorable to the accused and material to guilt or punishment." *People v Stanaway*, 446 Mich 643, 666; 521 NW2d 557 (1994). Evidence is material if it "would raise a reasonable doubt about the defendant's guilt." *Id*. Defendant sought to obtain the victim's psychological records, which are considered privileged because they were created as part of her treatment and counseling for trauma related to sexual assault. *Id*. at 648-649, 651. Such records are generally not discoverable unless an exception to the laws governing privileged material applies. *Id*. at 648-649. Thus, defendant's argument turns on whether the information contained in the records is "material to guilt or punishment" such that it extinguishes the privacy and confidentiality afforded by the sexual assault counselor-victim privilege.

Confidential communications between a sexual assault victim and a sexual assault counselor are generally privileged and inadmissible at trial. MCL 600.2157a(2) provides:

> (2) [A] confidential communication, or any report, working paper, or statement contained in a report or working paper, given or made in connection with a consultation between a victim and a sexual assault or domestic violence counselor, shall not be admissible as evidence in any civil or criminal proceeding without the prior written consent of the victim. [*Stanaway*, 446 Mich at 656 n 9, quoting MCL 600.2157a(2).]

Furthermore, the psychological records in this case were also protected under MCL 330.1750, which provides:

> (1) Privileged communications shall not be disclosed in civil, criminal, legislative, or administrative cases or proceedings, or in proceedings preliminary to such cases or proceedings, unless the patient has waived the privilege[.] [MCL 330.1750; see *Stanaway*, 446 Mich at 659-660.]

Therefore, defendant was precluded by law from accessing the victim's psychological records at issue unless the victim gave written consent or otherwise waived the privilege. "[As] with any privilege, the holder may waive it through conduct that would make it unfair for the holder to insist on the privilege thereafter." *People v Bragg*, 296 Mich App 433, 466; 824 NW2d 170 (2012) (quotation marks and citation omitted). Here, there is no indication that the victim waived the privilege to her psychological records. Therefore, waiver is not a basis for disclosure.

Instead, defendant argues that the trial court should have allowed him to access the victim's privileged psychological records under the framework set out for such disclosures in *Stanaway*, 446 Mich at 678-679. In *Stanaway*, the Michigan Supreme Court determined that, in certain circumstances, a trial court may conduct an in camera inspection of a victim's medical and psychological records, regardless of their status as privileged documents. *Id*. at 677. The Michigan Supreme Court concluded:

> [O]ur review of the jurisprudence . . . along with our own precedent in dealing with discovery and evidentiary principles, coupled with a prudent need to resolve doubts in favor of constitutionality, prompts us to hold that in an appropriate case there should be available the option of an in camera inspection by the trial judge of the privileged record on a showing that the defendant has a good-faith belief, grounded on some demonstrable fact, that there is a reasonable probability that the records are likely to contain material information necessary to the defense. [*Id*. at 676-677.]

*Stanaway* was a consolidated case, in which our Supreme Court reviewed two separate requests for production of privileged psychological documents. In *Stanaway*, Brian Stanaway was charged with three counts of CSC-III for sexually assaulting his children's 14-year-old babysitter. *Id*. at 650-651. Approximately one year after the events had taken place, the victim disclosed to a counselor that Stanaway had sexually assaulted her, and the counselor reported the victim's disclosures to the police. *Id*. at 651. Stanaway argued that the victim's psychological records "might contain inconsistent statements or might lead to exculpatory evidence, but admitted he had no basis for a good-faith belief that it was probable such information would be found." *Id*.

Stanley Caruso, the defendant whose case was consolidated with Stanaway's, was charged with second-degree criminal sexual conduct for sexually assaulting his eight-year-old niece. *Id*. at 654. Caruso moved to obtain the victim's counseling records, stating that he had reason to believe the records contained a note written by the victim suggesting that she wanted to have sex with him. *Id*. at 654-655. In Stanaway's case, the Michigan Supreme Court determined that Stanaway had not demonstrated that there was "a reasonable probability that the [victim's] records contain[ed] information material to his defense sufficient to overcome the various statutory privileges[,]" because Stanaway had failed to show, through "a good faith belief, grounded on some demonstrable fact," that the psychological records contained evidence necessary to his defense. *Id*. at 677. Conversely, in Caruso's case, our Supreme Court remanded for an in camera review of the victim's psychological records, stating:

> Defendant Caruso may have demonstrated a realistic and substantial possibility that the material he requested might contain information necessary to his defense. The defendant argued in his motion for in camera discovery that the circumstances in which the accusation was made were relevant to the truth or falsity of the claim. The defense theory is that the claimant is a troubled, maladjusted child whose past trauma has caused her to make a false accusation against her uncle. The defendant asserted a good-faith belief in his motion that the complainant suffered sexual abuse by her biological father before this allegation of abuse, the nonresolution of which produced a false accusation, and

-3-

factual support for some sexually aggressive behavior, namely, writing a letter to her mother's live-in boyfriend inviting him to have sex with her in his car. The in camera review ordered by the trial judge may have been proper under the facts of this case. [*Id*. at 682-683.]

Defendant argues that the facts of his case are more similar to the facts of Caruso's case than to the facts of Stanaway's case. In support of his argument, defendant uses the victim's preliminary examination testimony that Dr. Raymond did not initially believe the victim that defendant had engaged in a sexual relationship with her. However, defendant provides no articulable facts to show that the actual records indicate why Dr. Raymond may have disbelieved the victim. In *Stanaway*, the Michigan Supreme Court explains that Caruso requested an in camera review of the victim's psychological records because he was looking for a specific piece of evidence related to the victim's alleged "sexually aggressive behavior," and stated as much to the trial court. *Stanaway*, 446 Mich at 682. Defendant argues that "there must be some reason why [Dr. Raymond] disbelieved [the victim]," but defendant offers no evidence to justify an in camera review of privileged psychological records. Defendant's unsupported speculation that "there must be some reason" that Dr. Raymond did not initially believe the victim is not a "demonstrable fact" under *Stanaway* to warrant an in camera review of the records.

Additionally, "[a]s long as defendant is able to make a sound argument in his defense without having access to complainant's privileged counseling records, any information in those records would not be material to his defense." *People v Davis-Christian*, 316 Mich App 204, 213; 891 NW2d 250 (2016). There is no evidence that the absence of the victim's psychological records made it impossible for defendant to present a sound defense. Defendant's main defense was that the victim falsely accused him of sexual assault as a form of attention-seeking behavior. Despite the absence of the psychological records, defendant was still able to cross-examine the prosecution's witnesses, including the victim, and had access to all of the admissible evidence in this case, including copies of defendant's cell phone records, the victim's cell phone records, a forensic report regarding the victim's cell phone, and blueprints of defendant's apartment, in order to craft his defense. Thus, the trial court's refusal to grant an in camera review of the victim's psychological records did not deprive defendant of the tools and information necessary to adequately prepare a defense.

The trial court should not permit the disclosure of privileged materials "when the record reflects that the party seeking disclosure is on a fishing expedition to see what may turn up." *Davis-Christian*, 316 Mich App at 208 (quotation marks omitted). A defendant's search for evidence amounts to "fishing for information when he or she relies on generalized assertions and fails to state any specific articulable fact that indicates the privileged records are needed to prepare a defense." *Id*. (quotation marks omitted). Defendant did not provide articulable facts in support of the contention that he required access to the victim's psychological records. At best, defendant contended that the psychological records were material and necessary because they *might* contain evidence that Dr. Raymond was skeptical or disbelieving of the victim's claim that she had been sexually assaulted by defendant. Defendant is attempting to use the victim's unsubstantiated statement to access her psychological records in an effort to fish for information that might bolster his defense. *Id*. at 212. However, "defendant's assertion of need merely voices a hope of corroborating evidence, untethered to any articulable facts." *Id*. at 213. Overall, defendant failed to show via concrete, articulable facts, that the victim's psychological

records were necessary and material to his defense, and therefore, his due process rights were not violated.  Accordingly, defendant's claim is without merit.

Affirmed.


/s/ Thomas C. Cameron
/s/ Kathleen Jansen
/s/ Peter D. O'Connell