*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

JASON DAVID MESSENGER,

        Defendant-Appellant

UNPUBLISHED
September 10, 2020

No. 348175
Macomb Circuit Court
LC No. 2017-004594-FC

Before: JANSEN, P.J., and K. F. KELLY and CAMERON, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of three counts of first-degree criminal sexual conduct, (CSC-I), MCL 750.520b(2)(b) (sexual penetration committed by an individual 17 or older against an individual less than 13), and five counts of second-degree criminal sexual conduct, (CSC-II), MCL 750.520c(2)(b) (sexual contact committed by an individual 17 or older against an individual less than 13). Defendant was sentenced to 300 to 540 months' imprisonment for each conviction of CSC-I, and 84 to 180 months' imprisonment for each conviction of CSC-II. We affirm.

## I. FACTUAL BACKGROUND

This case arises out of defendant's sexual abuse of his second cousins: AH and LH. C. Harris (Harris) is AH and LH's father and defendant's first cousin. Harris testified that AH told him that defendant touched her inappropriately. Harris then spoke with LH, who also stated that defendant had touched her inappropriately on more than one occasion. The next week Harris placed AH and LH in therapy, but did not file a police report until several weeks later. While monitored by police, Harris placed a "one-party consent" telephone call to defendant. During the telephone call, Harris asked defendant, "what did you do to my daughters," and defendant responded "I touched them in their privates."

AH testified defendant first touched her inappropriately when she was seven or eight years old. AH stated that, on more than one occasion, defendant placed his hand underneath her underwear and rubbed her "front private part . . . in circular motions." Defendant would also place his hand on the inside of her shirt and rub her nipples. LH testified defendant touched her private

parts more than once. LH described one instance where defendant touched her breasts and placed his hand on the inside of her underwear, placing his finger inside her vagina.

At trial, the jury found defendant guilty of three counts of CSC-I and five counts of CSC-II. This appeal followed.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant first raises several claims of ineffective assistance of counsel. Specifically, defendant argues that trial counsel was ineffective for: (a) failing to call an expert witness to testify regarding the reliability of forensic interviews; (b) failing to introduce the complainants' medical records; (c) failing to inform the jury that he was facing a mandatory 25-year sentence if convicted, and (d) failing to request a jury instruction on specific unanimity. Although we find no merit in his claims, each is addressed in turn.

## A. STANDARD OF REVIEW AND PRESERVATION

To preserve a claim of ineffective assistance of counsel, defendant must move in the trial court for a new trial or a *Ginther*[1] hearing. *People v Lopez*, 305 Mich App 686, 693; 854 NW2d 205 (2014). Because defendant neither moved the trial court for a new trial and the trial court did not hold a *Ginther* hearing, this issue is not properly preserved for this Court's review. *Id*. at 693.

"The denial of effective assistance of counsel is a mixed question of fact and constitutional law, which are reviewed, respectively, for clear error and de novo." *People v Schrauben*, 314 Mich App 181, 189; 886 NW2d 173 (2016), quoting *People v Brown*, 279 Mich App 116, 140; 755 NW2d 664 (2008). "Appellate review of an unpreserved argument of ineffective assistance of counsel, like this one, is limited to mistakes apparent on the record." *People v Johnson*, 315 Mich App 163, 174; 889 NW2d 513 (2016).

## B. ANALYSIS

A defendant's right to counsel is guaranteed by the United States and Michigan Constitutions. US Const, Am VI; Const 1963, art 1, § 20. This right to counsel encompasses "the right to the effective assistance of counsel." *People v Vaughn*, 491 Mich 642, 669; 821 NW2d 288 (2012), quoting *Strickland v Washington*, 466 US 668, 686; 104 S Ct 2052; 80 L Ed 2d 674 (1984). "However, effective assistance of counsel is presumed, and the defendant bears a heavy burden of proving otherwise." *Schrauben*, 314 Mich App at 190. "To establish that a defendant's trial counsel was ineffective, a defendant must show: (1) that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms and (2) that there is a reasonable probability that, but for counsel's error, the result of the proceedings would have been different." *Id*. at 190. Under the first prong, the reviewing court must "determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Vaughn*, 491 Mich at 670. The second prong "requires this Court to determine whether 'there is a reasonable probability that, but for counsel's unprofessional

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

errors, the result of the proceeding would have been different.' " *Id.*, quoting *Strickland*, 466 US at 694.

This Court will not find trial counsel to be ineffective where, even if counsel had made an objection, that objection would have been futile. *People v Thomas*, 260 Mich App 450, 457; 678 NW2d 631 (2004). "This Court will not substitute its judgment for that of counsel regarding matters of trial strategy, nor will it assess counsel's competence with the benefit of hindsight." *People v Rockey*, 237 Mich App 74, 76-77; 601 NW2d 887(1999). "The defendant 'bears the burden of demonstrating both deficient performance and prejudice[;] the defendant [also] necessarily bears the burden of establishing the factual predicate for his claim.' " *People v Cooper*, 309 Mich App 74, 80; 867 NW2d 452 (2015), quoting *People v Carbin*, 463 Mich 590, 600; 623 NW2d 884 (2001).

Defendant first asserts counsel was ineffective for failing to consult with and call an expert witness to question the reliability of the forensic interviews AH and LH underwent. Defendant argues AH and LH did not allege penetration until after they underwent counseling sessions, and that an expert would have been able to discredit AH and LH's testimony at trial. In support of his argument, on appeal, defendant has provided a report from an expert who alleges he could have assisted defense counsel prepare for trial and would have testified that AH and LH's testimony was unreliable because they had undergone multiple interviews. However, the report from the expert defendant has attached to his brief on appeal was not part of the lower court record. An appellant is not permitted to expand the record on appeal. *People v Nix*, 301 Mich App 195, 203; 836 NW2d 224 (2013). Even when addressed on the merits, however, defendant's argument still fails.

"An attorney's decision whether to retain witnesses, including expert witnesses, is a matter of trial strategy." *People v Payne*, 285 Mich App 181, 190; 774 NW2d 714 (2009). "This Court will not second-guess counsel on matters of trial strategy . . . ." *People v Rosa*, 322 Mich App 726, 742; 913 NW2d 392 (2018) (quotation marks omitted). "The failure to call witnesses only constitutes ineffective assistance of counsel if it deprives the defendant of a substantial defense." *People v Russell*, 297 Mich App 707, 716; 825 NW2d 623 (2012) (brackets omitted). "A substantial defense is one that could have affected the outcome at trial." *People v Putman*, 309 Mich App 240, 248; 870 NW2d 593 (2015).

Defendant has not proven that trial counsel's failure to call an expert constituted deficient performance. Before trial, the prosecution filed a notice of intent to call the Care House interviewer as an expert at trial. Defense counsel responded by filing a motion in limine to exclude the Care House interviewer's testimony, arguing the interviewer would improperly bolster AH and LH's credibility. The trial court granted defendant's motion in limine. If defendant's trial counsel had called an expert to attack the reliability of AH and LH's testimony, the prosecutor would have been able to call the Care House interviewer in rebuttal. Thus, defense counsel's decision to call an expert at trial would have been completely contradictory to defense counsel's strategy of precluding the prosecution from calling the Care House interviewer to testify. Moreover, the prosecutor again attempted to call the Care House interviewer as an expert after defense counsel attacked the credibility of Care House interview during opening arguments. Specifically, during opening arguments, defense counsel argued that the Care House interviewer influenced AH and LH into stating that defendant's abuse included penetration. After opening statements, the

prosecutor attempted to call the Care House interviewer as a rebuttal witness to rebut defense counsel's opening statements. However, the trial court denied the prosecutor's request. Thus, defense counsel employed an effective trial strategy where he was able to attack the reliability of the Care House interviews, while commensurately precluding the prosecution from calling the Care House interviewer to rebut defense counsel's argument. Therefore, defendant has failed to demonstrate how his counsel's performance fell below an objective standard of reasonableness. *Schrauben*, 314 Mich App at 190.

In addition, there is nothing in the record to suggest the decision of defendant's trial counsel to not call an expert witness was not sound trial strategy, or that an expert witness would have been more successful at introducing to the jury questions regarding the reliability of allegations of penetration. Defense counsel could have reasonably concluded "the jury would react negatively to perhaps lengthy expert testimony that it may have regarded as only stating the obvious: memories and perceptions are sometimes inaccurate." *Cooper*, 236 Mich App at 658. Further, defense counsel questioned AH and LH regarding when they first claimed the penetration occurred on cross-examination. Overall, defense counsel was able, without the necessity of an expert witness, to present a defense for defendant on the basis of the reliability of the allegations of penetration and the credibility of the witnesses. Defendant has failed to meet his burden to overcome the presumption that trial counsel's strategy was reasonable under the circumstances, and has provided no evidence that trial counsel's failure to call an expert witness denied him a substantial defense. *People v LeBlanc*, 456 Mich 575, 580-583; 640 NW2d 246 (2002); *People v Eliason*, 300 Mich App 293, 300; 833 NW2d 357 (2013); *Russell*, 297 Mich App at 716.

Next, defendant argues defense counsel was ineffective for failing to seek AH and LH's counseling records. There is no general constitutional right to discovery in a criminal trial. *People v Stanaway*, 446 Mich 643, 680; 521 NW2d 557 (1994). Further, the communications made to a psychologist for the purpose of psychological treatment or counseling are privileged. *People v Carrier*, 309 Mich App 92, 106; 867 NW2d 463 (2015). "[T]here is no right to discover information or evidence that is protected from disclosure by . . . privilege." MCR 6.201(C)(1). However, "[i]f a defendant demonstrates a good-faith belief, grounded in articulable fact, that there is a reasonable probability that records protected by privilege are likely to contain material information necessary to the defense, the trial court shall conduct an in camera inspection of the records." MCR 6.201(C)(2). If, after an *in camera* review, the trial court determines the records contain information necessary to the defense, the trial court will direct that evidence to be made available to defense counsel. MCR 6.201(C)(2)(b).

Discovery of privileged information, however, should be precluded where the record reflects that a party seeking disclosure "is on a fishing expedition to see what may turn up." *Id*. "A defendant is fishing for information when he or she relies on generalized assertions and fails to state any specific articulable fact that indicates the privileged records are needed to prepare a defense." *People v Davis-Christian*, 316 Mich App 204, 208; 891 NW2d 250 (2016) (quotation marks and citation omitted).

Defendant has failed to identify any specific articulable fact suggesting a good faith belief that the counseling records were necessary to his defense. Defendant only claims that AH and LH went to counseling "in direct response to the allegations," and that the records are therefore "highly relevant." Defendant does not allege what information contained in the records would have been

-4-

helpful to his case. Moreover, LH stated she has never discussed the allegations of sexual assault during therapy because she "wasn't ready." Thus, defendant is "fishing for information," because LH's counseling records do not even contain information regarding the allegations against defendant. *Davis-Christian*, 316 Mich App at 208. The burden is on defendant to establish the factual predicate for his claim, which he has failed to do. *Cooper*, 309 Mich App at 80.

Defendant also argues trial counsel was ineffective for failing to inform the jury that he was facing a mandatory 25-year minimum sentence if convicted. Defendant asserts that AH and LG initially denied penetration during the alleged assaults, but accused defendant of penetration at trial. Because of the allegations of penetration, defendant's possible penalty increased from a 15 year minimum sentence, to a 25 year minimum sentence. Although, "the jury should not normally be informed of possible punishment if a defendant is convicted[,]" *People v Holliday*, 144 Mich App 560, 567; 376 NW2d 154 (1985), defendant argues there should be an exception to this general rule because of the bias of AH and LH to testify that penetration occurred to ensure defendant received a higher sentence. However, "defense counsel's performance cannot be deemed deficient for failing to advance a novel legal argument." *People v Reed*, 453 Mich 685, 695; 556 NW2d 858 (1996).

In addition, defendant has not presented any evidence to show that AH and LH were biased, or that AH and LH were aware that allegations of penetration would increase defendant's sentence. Indeed, the prosecutor determined defendant's charges, not the victims. Defendant does not cite to any legal authority to support his position, and "defense counsel's performance cannot be deemed deficient for failing to advance a novel legal argument." *People v Reed*, 453 Mich at 695. Therefore, defendant's argument is without merit.

We also conclude that even if defendant were to show that trial counsel's performance fell below an objective standard of reasonableness, defendant is unable to demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Vaughn*, 491 Mich at 669 (quotation and citation marks omitted). None of the alleged errors identified by defendant affected the outcome of his trial. AH and LH provided consistent testimony describing instances of inappropriate touching by defendant. The recorded one-party consent call was played for the jury, in which defendant admitted to touching both girls "in their private areas." It is unlikely the jury would have reached a different result considering defendant's recorded confession.

## II. JURY INSTRUCTIONS

Defendant also argues on appeal that he was denied his constitutional right to a unanimous jury verdict because the trial court's jury instructions allowed the jury to consider both charged and charged conduct.

"A party must object or request a given jury instruction to preserve the error for review." *People v Sabin*, 242 Mich App 656, 657; 620 NW2d 19 (2000). Here, defendant did not object to the jury unanimity instruction, thereby failing to preserve this issue for appellate review. Further, defendant waived this issue by affirmatively approving the jury instructions in the trial court. Waiver is defined as "the intentional relinquishment or abandonment of a known right." *People v Kowalski*, 489 Mich 488, 503; 803 NW2d 200 (2011) (citation omitted). "When defense counsel

-5-

clearly expresses satisfaction with a trial court's decision, counsel's action will be deemed to constitute waiver." *Id*. at 503. At trial, defendant's counsel and the prosecutor stated they were satisfied with the jury instructions. Because defense counsel "clearly expresse[d] satisfaction," with the jury instructions, defendant has waived this issue for appellate review and we decline to address it on the merits. *Id*.

Affirmed.

/s/ Kathleen Jansen
/s/ Kirsten Frank Kelly
/s/ Thomas C. Cameron