*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

TODD MICHAEL KUCHAREK,

        Defendant-Appellant.

UNPUBLISHED
March 17, 2022

No. 357575
Clinton Circuit Court
LC No. 21-010798-FC

Before: CAVANAGH, P.J., and MARKEY and SERVITTO, JJ.

PER CURIAM.

In this interlocutory appeal, defendant appeals by leave granted[1] the trial court's order denying his motion to obtain the counseling records of one of the alleged victims in his prosecution for criminal sexual conduct. We affirm.

## I. BACKGROUND

Defendant is charged with several counts of first- and second-degree criminal sexual conduct involving two children. One of the alleged victims, EK, was 17 years old at the time of the preliminary examination, and the abuse allegedly occurred from when EK was eight years old until she was 13 years old. Investigators performed two forensic interviews with EK. At the first forensic interview, EK denied that defendant ever intentionally engaged in any inappropriate touching. However, at the second interview, EK stated that defendant had engaged in a pattern of significant and regular sexual abuse over the course of several years. EK estimated at the preliminary examination that she had been sexually penetrated by defendant a total of 30 times, but she admitted that she had initially denied having been sexually abused by him. During both the preliminary examination and the forensic interviews, EK made references to having discussed this matter with her counselor. After the case was bound over to the circuit court, defendant moved

---

[1] *People v Kucharek*, unpublished order of the Court of Appeals, entered October 18, 2021 (Docket No 357575).

the trial court to conduct an *in camera* review of EK's counseling records to search for additional inconsistent statements. The trial court denied defendant's motion, and this appeal followed.

## II. DISCUSSION

Defendant argues that the trial court abused its discretion by declining to conduct an *in camera* review of counseling records because articulable facts established a reasonable probability that such a review would uncover material evidence necessary for the defense. We disagree.

The "decision to conduct or deny an in camera review of records in a criminal prosecution is reviewed for an abuse of discretion. The trial court abuses its discretion when its decision falls outside the range of principled outcomes or when it erroneously interprets or applies the law." *People v Davis-Christian*, 316 Mich App 204, 207; 891 NW2d 250 (2016) (quotation marks and citations omitted).

"Unlike in civil litigation . . . discovery in criminal cases is constrained by the limitations expressly set forth in the reciprocal criminal discovery rule promulgated by our Supreme Court, MCR 6.201." *People v Greenfield (On Reconsideration)*, 271 Mich App 442, 447; 722 NW2d 254 (2006); see also *People v Phillips*, 468 Mich 583, 588-589; 663 NW2d 463 (2003) (holding that MCR 6.201, not MCL 767.94a, "governs discovery in criminal cases"). MCR 6.201(C) provides in relevant part:

> (1) Notwithstanding any other provision of this rule, there is no right to discover information or evidence that is protected from disclosure by constitution, statute, or privilege, including information or evidence protected by a defendant's right against self-incrimination, except as provided in subrule (2).

> (2) If a defendant demonstrates a good-faith belief, grounded in articulable fact, that there is a reasonable probability that records protected by privilege are likely to contain material information necessary to the defense, the trial court shall conduct an in camera inspection of the records.

"Discovery should be granted where the information sought is necessary to a fair trial and a proper preparation of a defense. Even inadmissible evidence is discoverable if it will aid the defendant in trial preparation." *People v Laws*, 218 Mich App 447, 452; 554 NW2d 586 (1996) (citation omitted). "Where the defendant has made the required showing, in camera inspection of privileged documents by the judge strikes the delicate balance between the defendant's federal and state constitutional rights to discover exculpatory evidence shielded by privilege, and the Legislature's interest in protecting the confidentiality of the therapeutic setting." *People v Stanaway*, 446 Mich 643, 678-679; 521 NW2d 557 (1994).

The trial court here did not abuse its discretion by concluding that defendant failed to demonstrate a good-faith belief, grounded in articulable fact, that there was a reasonable probability the counseling records were likely to contain material information necessary to the defense. See MCR 6.201(C)(2). Defendant's general allegation that the counseling records may contain impeachment evidence is insufficient. Defense counsel admitted at the motion hearing that the statements made to the counselor "could be the same" as the statements made during the forensic interviews. Defendant emphasizes the fact that EK admitted to having discussed this

matter with her counselor; however, EK testified at the preliminary examination that she did not discuss the allegations with the counselor in detail. Moreover, defendant failed to establish that anything in the counseling records would be material to the defense because there were already other avenues for the impeachment of EK's testimony available to defendant. EK did not disclose the alleged abuse to her mother until she was 14 years old and initially stated that it was only "touching." It is undisputed that EK stated in the first forensic interview that defendant had never intentionally touched her inappropriately, and she did not disclose the alleged abuse until the second forensic interview. Given that EK's statements to both her mother and the forensic interviewer changed, the fact that she also might have changed the information that she gave to her counselor would not aid the defense.

Affirmed.

/s/ Mark J. Cavanagh
/s/ Jane E. Markey
/s/ Deborah A. Servitto

-3-