*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

JUAN JOSE DEL CID,

        Defendant-Appellant.

UNPUBLISHED
November 10, 2022

No.  360759
Ottawa Circuit Court
LC No.  16-040357-FC

Before:  RIORDAN, P.J., and BOONSTRA and GADOLA, JJ.

PER CURIAM.

In this interlocutory appeal, defendant appeals by delayed leave granted[1] the trial court's order regarding the disclosure of privileged records following *in camera* review under *People v Stanaway*, 446 Mich 643; 521 NW2d 557 (1994).  We affirm, but direct the trial court on remand to disclose all material, necessary evidence in the form of redacted records, consistent with this opinion.

## I.  PERTINENT FACTS AND PROCEDURAL HISTORY

Defendant was previously convicted by a jury of two counts of first-degree criminal sexual conduct, MCL 750.520b(2)(b) (sexual penetration of a person less than 13 years of age by a defendant 17 years or older) and (1)(b)(*i*) (sexual penetration of a person at least 13 years old but less than 16 by a member of the same household).  At his first trial, the complainant, AC, accused defendant of repeatedly sexually abusing her while she was between the ages of 8 and 13 years old.  Defendant denied these allegations.  Defendant's convictions and sentences were later vacated after this Court determined that the prosecution's expert had inappropriately vouched for AC's credibility and that the error affected defendant's substantial rights.  *People v Del Cid (On*

---

[1] *People v Del Cid*, unpublished order of the Court of Appeals, entered June 16, 2022 (Docket No. 360759).

*Remand)*, 331 Mich App 532, 547, 550-551; 953 NW2d 440 (2020). Defendant's case was remanded for a new trial.

During pretrial proceedings on remand, defendant moved for discovery of privileged information, specifically, "records regarding mental health assessments, treatments, and/or counseling provided to or received by" AC, which defendant argued would be relevant to AC's credibility. Although the trial court initially denied defendant's motion, on reconsideration the trial court agreed that defendant had established a reasonable probability that AC's records from Holland Hospital and Pine Rest Christian Mental Health Services contained evidence necessary to the defense. The court therefore ordered the prosecution to obtain records from those facilities for a specified date range and provide those records to the trial court for *in camera* review.

After inspecting the privileged records, the trial court provided the parties with a compilation of 10 quotations from the records that it deemed relevant to AC's credibility and necessary to the defense. Defendant filed a second motion for reconsideration, challenging the trial court's disclosure as too narrow in scope. The trial court denied reconsideration. This appeal followed.

## II. STANDARD OF REVIEW

Appellate courts review decisions regarding discovery for an abuse of discretion. *People v Phillips*, 468 Mich 583, 587; 663 NW2d 463 (2003). A trial court abuses its discretion when its decision "falls outside the range of principled outcomes." *People v Magnant*, 508 Mich 151, 161; 973 NW2d 60 (2021).

We review unpreserved issues for plain error. *People v Burkett*, 337 Mich App 631, 635; 976 NW2d 864 (2021). "To establish entitlement to relief under plain-error review, the defendant must establish that an error occurred, that the error was plain, i.e., clear or obvious, and that the plain error affected substantial rights." *Id*. (quotation marks and citation omitted). The last requirement is satisfied if the error impacted the outcome of the proceedings. *Id*. Even if defendant establishes a plain error affecting substantial rights, "[r]eversal is warranted only when the error resulted in the conviction of an actually innocent defendant or seriously affected the fairness, integrity, or public reputation of judicial proceedings independently of the defendant's innocence." *Id*. (quotation marks and citation omitted).

## III. SCOPE AND MANNER OF DISCLOSURE

Defendant argues that the trial court erred by providing a limited disclosure and that additional information was necessary to his defense. We disagree that the scope of the trial court's disclosure was too narrow, but conclude that the trial court may have inadvertently omitted additional statements regarding the subject matter it deemed material. We also agree with defendant that the disclosure of the pertinent evidence should be in the form of redacted records rather than a selection of quotations.

In *Stanaway*, 446 Mich at 649, the Michigan Supreme Court considered the circumstances in which privileged records must be made available to a defendant to satisfy the defendant's constitutional right to obtain evidence necessary to his or her defense. After reviewing Michigan

precedent regarding discovery and evidence, as well as jurisprudence from other jurisdictions, the Court concluded that an *in camera* inspection of privileged records by the trial court was appropriate if the defendant establishes "a good-faith belief, grounded on some demonstrable fact, that there is a reasonable probability that the records are likely to contain material information necessary to the defense." *Id*. at 677. In the event that the *in camera* review reveals evidence necessary to the defense, that evidence is to be supplied to defense counsel. *Id*. at 679. The procedure from *Stanaway* was later codified in MCR 6.201(C)(2). *People v Davis-Christian*, 316 Mich App 204, 208; 891 NW2d 250 (2016).

Defendant argues that the trial court's disclosure was too limited, because additional information regarding AC's symptoms, diagnosis or diagnoses, and treatment plan contained in the records is critical to his defense. We disagree. The *Stanaway* Court explained that during an *in camera* review, the trial court must determine "whether the evidence is material and necessary to the defense, with material meaning exculpatory evidence capable of raising a reasonable doubt about the defendant's guilt." *Stanaway*, 446 Mich at 679 n 40. The trial court is simply asked "to decide whether the evidence suspected of being contained in the records was in fact there." *Id*.

Defendant's argument is premised on his belief that AC's records contain specific symptoms; diagnoses of serious, mind-altering mental health conditions; and particularized treatment plans that would have bearing on the credibility of her allegations, memory, and testimony. While we appreciate that defendant had a good-faith belief that such information would be found in the records, his suspicion is ultimately unfounded. We have reviewed the privileged records and agree with the trial court that they do not contain additional material evidence necessary to the defense as defendant suspected they would.

However, our review revealed that the records contain three comments regarding the very topic deemed material by the trial court that were not included in the trial court's disclosure. Those statements appear on Page 2 of the Admission Psychiatric Assessment from Pine Rest Christian Mental Health Services, Page 12 of the July 5, 2016 records from Holland Hospital, and Page 9 of the 33-page August 3, 2016 records from Holland Hospital. The trial court is directed to make these statements available to defendant on remand.

Defendant also argues that the trial court erred by disclosing the material information by way of a list of quotations from the records, rather than providing the actual redacted records to defendant. We agree.

Neither *Stanaway* nor MCR 6.201(C)(2) specifically address this issue. In *Stanaway*, 446 Mich at 679, the Court said, "Only after the court has conducted the in camera inspection and is satisfied that the records reveal evidence necessary to the defense is the evidence to be supplied to the defense." MCR 6.201(C)(2)(b) similarly states, "If the court is satisfied, following an in camera inspection, that the records reveal evidence necessary to the defense, the court shall direct that such evidence as is necessary to the defense be made available to defense counsel." Inasmuch as both articulations of the trial court's duty seem to distinguish between "the records" and "the evidence" contained therein, we conclude that neither authority explicitly requires that the actual records (or duplicates) be made available to defendant.

However, defendant presents a persuasive argument regarding the potential evidentiary difficulties that could flow from allowing disclosure of the material evidence in the form selected by the trial court. If, for example, AC denies a history of hallucinations at trial, her statements regarding this issue, as reported in the mental health records, would likely be admissible as extrinsic evidence of a witness's prior inconsistent statement under MRE 613(b). Assuming the evidence would be otherwise admissible under hearsay exceptions, defendant could also attempt to admit the statements as substantive evidence. See *People v Steanhouse*, 313 Mich App 1, 29; 880 NW2d 297 (2015) (noting that a prior inconsistent statement may only be admitted to prove the truth of the matter asserted if it falls within an exception to the rule against hearsay), aff'd in part and rev'd in part on other grounds 500 Mich 453 (2017). But the original of the writing is generally required to prove its content, unless otherwise provided by the Michigan Rules of Evidence or statute. MRE 1002. "A duplicate is admissible to the same extent as an original unless (1) a genuine question is raised as to the authenticity of the original or (2) in the circumstances it would be unfair to admit the duplicate in lieu of the original." MRE 1003. "A 'duplicate' is a counterpart produced by the same impression as the original, or from the same matrix, or by means of photography, including enlargements and miniatures, or by mechanical or electronic re-recording, or by chemical reproduction, or by other equivalent techniques, which accurately reproduces the original." MRE 1001(4). While a photocopy would constitute a duplicate, a summary of statements extracted from the records (prepared by the trial court) would not necessarily be a reproduction of the original.[2]

Other evidence of the contents of a writing are admissible under four circumstances:

(1) Originals Lost or Destroyed. All originals are lost or have been destroyed, unless the proponent lost or destroyed them in bad faith; or

(2) Original Not Obtainable. No original can be obtained by any available judicial process or procedure; or

(3) Original in Possession of Opponent. At a time when an original was under the control of the party against whom offered, that party was put on notice,

---

[2] To the extent that the trial court's list of quotations constitutes a summary, summaries are governed by MRE 1006, which states:

The contents of voluminous writings, recordings, or photographs which cannot conveniently be examined in court may be presented in the form of a chart, summary, or calculation. The originals, or duplicates, shall be made available for examination or copying, or both, by other parties at reasonable time and place. The court may order that they be produced in court.

The records at issue are not overly voluminous. And to the extent that the records would need to be made available to the parties (presumably in redacted form), there seems little sense in not providing the redacted records in the first instance.

by the pleadings or otherwise, that the contents would be a subject of proof at the hearing, and that party does not produce the original at the hearing; or

> (4) Collateral Matters. The writing, recording, or photograph is not closely related to a controlling issue. [MRE 1004(1) through (4).]

Here, MRE 1001(1) does not apply because the original is presumably still in the possession of the healthcare facilities and a duplicate—which is generally admissible as an original, MRE 1003—is in the possession of the trial court. MRE 1001(2) does not apply because both *Stanaway* and MCR 6.201(C)(2) provide procedures for obtaining the original or a duplicate. MRE 1001(3) does not apply because the original is not in the possession of the prosecution. MRE 1001(4) does not apply because the evidence contained in AC's records speak directly to whether the jury should credit AC's allegations or defendant's denials. Extrinsic evidence tending to prove a defense theory is not evidence on a collateral matter. *People v Steele*, 283 Mich App 472, 488-489; 769 NW2d 256 (2009).

Because the summary provided by the trial court could lead to evidentiary difficulties at trial, we direct the trial court to provide defendant with copies of the relevant records, redacted to reveal only the evidence that is necessary to the defense.[3]

## IV. *IN CAMERA* REVIEW

Defendant also argues that the *in camera* review procedure established by *Stanaway* does not satisfy the requirements of due process. Defendant argues that such a review by the trial court, without involvement of defense counsel, violates due process because the trial court does not know the details of the defense strategy and, therefore, cannot know whether information is necessary to the defense. He also argues defense counsel's review of the records might affect the "particulars" of the defense in unanticipated ways. We disagree.

Defendant did not preserve this issue for review by raising it before the trial court. *People v Anderson*, ___ Mich App ___, ___; ___ NW2d ___ (2022) (Docket No. 354860); slip op at 4, app held in abeyance 978 NW2d 835 (2022). Our review is therefore limited to plain error. *Burkett*, 337 Mich App at 635.

"Whether rooted directly in the Due Process Clause of the Fourteenth Amendment or in the Compulsory Process or Confrontation Clauses of the Sixth Amendment, the Constitution guarantees criminal defendants a meaningful opportunity to present a complete defense." *Holmes v South Carolina*, 547 US 319, 324; 126 S Ct 1727; 164 L Ed 2d 503 (2006) (quotation marks and citation omitted). "But this right is not unlimited and is subject to reasonable restrictions." *People*

---

[3] Our instructions should not be viewed as suggesting that the trial court needs to provide defendant with extensive pages of records that are entirely redacted. It would suffice to produce the relevant pages, redacted to reveal only the pertinent statement, the patient's name, the date, and the name of the authoring medical provider, as well as cover pages or other identifying documents sufficient to enable the records to be identified and categorized (e.g., a cover page identifying the record as a mental health assessment, a progress note from a treatment provider, therapist's notes, et cetera).

*v King*, 297 Mich App 465, 473; 824 NW2d 258 (2012). Moreover, the Constitution does not afford a defendant facing criminal charges a general right to discovery. *Stanaway*, 446 Mich at 664.

Defendant's argument was considered, and rejected, in *Stanaway*. Our Supreme Court in *Stanaway* sought to balance the state's interest in protecting the confidentiality of certain privileged documents with the defendant's right to obtain evidence necessary to his defense, and settled on a procedure that would make evidence that is reasonably necessary to the defense available while still avoiding needless disclosure of immaterial privileged information. *Id*. at 649-650. The *Stanaway* Court considered whether defense counsel needed to be involved in the review process and concluded that trial judges are well-equipped to recognize evidence that might be material to the defense. *Id*. at 679. Defendant's contention that the trial court's review is ineffective without participation by defense counsel, who knows the full defense strategy, is unpersuasive because the first step of the *Stanaway* procedure requires the defendant to establish a reasonable probability that the records are likely to contain information necessary to the defense. *Id*. at 677. This step necessarily requires the defendant to identify enough of the defense to make the relevance of the requested records apparent. At any rate, the *Stanway* Court observed, "The presence of defense counsel at such an inspection is not essential to protect the defendant's constitutional rights and would undermine the privilege unnecessarily." *Id*. at 679. This Court is bound by the Supreme Court's determination that the Constitution does not require defense counsel's presence at the *in camera* review of privileged records. *People v Strickland*, 293 Mich App 393, 402; 810 NW2d 660 (2011).

Affirmed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Michael J. Riordan
/s/ Mark T. Boonstra
/s/ Michael F. Gadola