*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

   Plaintiff-Appellee,

v

JEFFREY MATTHEW JUDOVICS,

   Defendant-Appellant.

UNPUBLISHED
March 06, 2026
1:26 PM

No. 374319
Chippewa Circuit Court
LC No. 2023-005962-FH

Before: WALLACE, P.J., and GARRETT and ACKERMAN, JJ.

PER CURIAM.

The prosecution charged defendant with second-degree criminal sexual conduct (CSC-II), MCL 750.520c(c) (sexual contact during the commission of any other felony), and child sexually abusive activity (CSAA), MCL 750.145c(2). Defendant moved for discovery of the complainant's psychological records, and the trial court denied his motion. This Court denied defendant's delayed application for leave to appeal,[1] but our Supreme Court remanded this case to this Court for consideration as on leave granted.[2] We reverse and remand for an *in camera* review of the records in question.

## I. BACKGROUND

The prosecution alleged that defendant engaged in sexual contact with the 16-year-old complainant, CS, and gave CS cigarettes and marijuana in exchange for the sexual contact. Defendant became aware that the prosecution intended to introduce evidence at trial regarding CS's mental disabilities. The prosecution claimed that CS had a "variety of mental health diagnoses" and functioned at the level of a child despite being a teenager. The prosecution relied on a 2016 report that CS's psychologist, Dr. Barbara Weber, prepared when CS was nine years old. Defendant filed a motion in limine to exclude the evidence on the basis that it was irrelevant

---

[1] *People v Judovics*, unpublished order of the Court of Appeals, entered May 12, 2025 (Docket No. 374319).

[2] *People v Judovics*, \_\_\_\_ Mich \_\_\_\_; 25 NW3d 360 (2025).

and substantially more prejudicial than probative. Thereafter, the prosecution provided defendant with a 2023 follow-up letter from Dr. Weber. The prosecution's theory was that the evidence was relevant to show that CS was particularly susceptible to victimization. The trial court agreed with the prosecution and denied defendant's motion.

Defendant then moved for discovery of CS's psychological records, arguing that Dr. Weber's diagnosis of CS differed between the 2016 report and the 2023 letter. While the 2016 report indicated that CS had been tested several times and did not fall under the Autism spectrum, she stated in her 2023 letter that CS "has many features of an individual with an Autism Spectrum Disorder[.]" Defendant sought CS's records "to understand what occurred between 2016 and 2023 that caused the change in diagnosis . . . ." He also asserted that he retained an expert to review CS's mental condition, and the expert requested CS's "complete psychiatric history" along with other materials. Defendant asserted that the prosecution should not be permitted to "cherry-pick" records it was willing to provide to the defense and object to discovery regarding the remaining records. In addition, he maintained that the prosecution had placed the issue of CS's mental acuity in controversy, likely to garner sympathy or outrage from the jury, and that any privilege was therefore waived. Defendant sought discovery of CS's psychological records, or, at a minimum, for the trial court to conduct an *in camera* review of the records.

At the hearing on the motion, defendant argued that Dr. Weber's 2016 report suggested CS's mother "would not take no for an answer" regarding CS's diagnosis because of her "insistence on receiving SSI [Social Security Income] for her son," which created a question regarding CS's diagnosis. He maintained that his expert required CS's records to investigate the diagnosis, and defense counsel required the records to effectively cross-examine Dr. Weber at trial.

As previously stated, the trial court denied defendant's motion. Defendant thereafter filed this appeal.

## II. ANALYSIS

We review for an abuse of discretion a trial court's decision regarding discovery. *People v Phillips*, 468 Mich 583, 587; 663 NW2d 463 (2003). "An abuse of discretion occurs when the trial court's decision is outside the range of reasonable and principled outcomes." *People v Craft*, 325 Mich App 598, 604; 927 NW2d 708 (2018). "A trial court necessarily abuses its discretion when it makes an error of law." *People v Waterstone*, 296 Mich App 121, 132; 818 NW2d 432 (2012).

"Discovery should be granted where the information sought is necessary to a fair trial and a proper preparation of a defense." *People v Davis-Christian*, 316 Mich App 204, 207; 891 NW2d 250 (2016) (quotation marks and citation omitted). However, defendants have no right to discovery regarding privileged records absent certain special procedures, such as the trial court first conducting an *in camera* review of the privileged records. *Id*. at 207-208. "[W]here a defendant can establish a reasonable probability that the privileged records are likely to contain material information necessary to his defense, an in camera review of those records must be conducted to ascertain whether they contain evidence that is reasonably necessary, and therefore essential, to the defense." *People v Stanaway*, 446 Mich 643, 649-650; 521 NW2d 557 (1994). "Only when the trial court finds such evidence, should it be provided to the defendant." *Id*. at 650.

-2-

To obtain an *in camera* review of privileged records, a defendant must establish "a good-faith belief, grounded on some demonstrable fact, that there is a reasonable probability that the records are likely to contain material information necessary to the defense." *Id*. at 677. Disclosure of privileged information should not occur, however, "when the record reflects that the party seeking disclosure is on a fishing expedition to see what may turn up." *Id*. at 680 (quotation marks and citation omitted). "A defendant 'is fishing' for information when he or she relies on generalized assertions and fails to state any 'specific articulable fact' that indicates the privileged records are needed to prepare a defense." *Davis-Christian*, 316 Mich App at 208, quoting *Stanaway*, 446 Mich at 681.

In this case, defendant seeks discovery of CS's psychological records because the prosecution has expressed its intent to present evidence of CS's mental disabilities. Dr. Weber's 2016 psychological evaluation of CS indicates that she interviewed CS and relied on his psychological records in forming her opinion. Her evaluation referenced CS's evaluations that occurred in 2010, 2011, 2012, and 2013, but those evaluations were not provided to the defense. Defendant argues that his expert must have access to the same data on which Dr. Weber relied in diagnosing CS so that the expert can meaningfully assess, and possibly contest, Dr. Weber's diagnoses, and so defense counsel can challenge the prosecution's proffered theory that CS was particularly susceptible to sexual exploitation.

The parties analogize this case to *Stanaway* and *People v Caruso*, the companion case of *Stanaway*. In *Stanaway*, defendant Stanaway was charged with third-degree criminal sexual conduct and sought discovery of records from the complainant's juvenile diversion social worker and the complainant's sexual assault counselor. The defendant sought the materials to search for potential inconsistent statements or exculpatory information, although he admitted he had no basis to believe it was probable that the records contained exculpatory information. *Stanaway*, 446 Mich at 650-651. The trial court denied the discovery request. *Id*. at 651. In *Caruso*, the defendant was charged with CSC-II based on allegations that he sexually assaulted his eight-year-old niece. *Id*. at 654. Defendant Caruso sought the complainant's counseling records, arguing that there was reason to believe that her biological father, rather than Caruso, had sexually abused her, and evidence showed that the complainant had previously acted out sexually. *Id*. at 654-655. The trial court granted Caruso's motion and ordered the production of the records for *in camera* review. *Id*. at 655.

The facts of this case are closer to *Caruso* than *Stanaway*. Defendant sought discovery because the prosecution introduced CS's mental status into the case although it was not relevant to an element of the charged offenses. CS has been evaluated multiple times and has not been diagnosed with Autism Spectrum Disorder. Nonetheless, his mother told the police that he was "on the spectrum." Dr. Weber's 2016 psychological report states that CS's need for SSI benefits had recently "been called into question," and she wanted CS's "difficulties documented so that he may again receive assistance." In contrast to Dr. Weber's 2016 evaluation, her 2023 letter was a short, one-paragraph document, and was rather general, leaving CS's current level of functioning a matter of debate. In addition, Dr. Weber's 2016 evaluation referenced several previous evaluations, and Dr. Weber stated in her 2023 letter that CS was her client, and she had been working with him on a regular basis since 2016.

Considering the prosecution's intent to use evidence of CS's mental state to establish his purported susceptibility to victimization, defendant has shown a reasonable probability that the records at issue contain information material to his defense, particularly since the 2016 report is ten years old and the 2023 letter sheds little light on whether CS is particularly susceptible to victimization. Accordingly, the trial court abused its discretion by denying defendant's motion for discovery, and an *in camera* review of the records is appropriate.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Randy J. Wallace
/s/ Kristina Robinson Garrett
/s/ Matthew S. Ackerman